## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE ARGUETA                                  *
8108 17th Place                    *
Hyattsville, Maryland 20783                   *
                                              *
    ***On Behalf of Himself and***    *
    ***Others Similarly Situated***   *
                                              *
   PLAINTIFFS,                        *
                                              *
v.                                            *          Civil Action No.:
                                              *
BMD INC.                                      *
2200 Pennsylvania Avenue, NW                  *
Washington, DC 20037                          *
                                              *
Serve:  National Registered Agents, Inc.     *
1015 15th Street, NW, Suite 1000   *
Washington, D.C. 20005                        *
                                              *
   DEFENDANT.                         *
*****************************************************************************

### <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Jose Argueta ("Plaintiff"), by and through undersigned counsel, on behalf of

himself and all others similarly situated, hereby submits his Collective Action Complaint against

Defendant BMD Inc. ("Defendant"), to recover damages under the Federal Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act

Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); and the D.C. Wage Payment

and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff[1] is an adult resident of the State of Maryland.  At all times, Plaintiff performed a substantial amount (more than 50%) his work duties for Defendant primarily on Federal Government Contracts and District of Columbia Contracts in the District of Columbia.

3.      Defendant is a corporation formed under the laws of the State of Maryland.

4.      At all times, Defendant has regularly and substantially engaged in construction related business operations in the District of Columbia and the State of Maryland.

5.      At all times, Defendant was Plaintiff's "employer" and the employer of other similar situated individuals for purposes of the FLSA, DCMWA, and DCWPA.

6.      During Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7.      At all times relevant, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8.      At all times, Plaintiff and more than two other employees of Defendant were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9.      This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

10.      Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).

11.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

---

[1] By acting as the named Plaintiff herein, Plaintiff hereby affirms his consent to participate as a Plaintiff in a collective action under the FLSA and DCMWA.

## FACTS

12.     Plaintiff was continuously employed by Defendant as a full time employee from at least February 2012 through about February 26, 2015.

13.     While in Defendant's employ, Plaintiff worked continuously and substantially (more than 50%) in the District of Columbia as a commercial painter primarily on Federal Government and District of Columbia Government Contracts.

14.     While in Defendant's employ, Plaintiff's exact hours worked each week varied from week to week.

15.     While in Defendant's employ, Plaintiff regularly worked more than forty (40) hours per week.

16.     While in Defendant's employ, Defendant paid Plaintiff as an hourly employee at the regular rate of pay of about $18.00 per hour and later in the amount of $20.00 per hour.

17.     At no time did Defendant pay Plaintiff at the rate of one-and-one-half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

18.     During Plaintiff's term of employment with Defendant, Defendant promised and explicitly agreed to pay Plaintiff and other similarly situated individuals at hourly rates required for commercial painters on all Federal Government Contracts and District of Columbia Contracts (at or about $33.94 per hour), consistent with the required rates as set forth under the Davis Bacon Act, 40 U.S.C.A. § 3141, *et seq.* ("Davis Bacon").

19.     Despite Defendant's promise and agreement to pay Plaintiff and others at the rates required for commercial painters by contract and by Federal and District of Columbia Law, Defendant failed to pay Plaintiff and others at their promised and agreed upon legally and

contractually required rates for all hours worked (including overtime and non-overtime hours worked).

20.    Defendant paid Plaintiff and others for all hours worked at their regular hourly rates which were always the lower than the commercial painter rate required by Federal and District of Columbia law and as contractually guaranteed to Plaintiff and others by contracts signed between Defendant and the Federal Government, Defendant and the District of Columbia, and between Defendant and third-party general contractors on federally funded and District of Columbia funded work projects.

21.    The consequence of Defendant's scheme to pay Plaintiff less than their promised and agreed upon federally required, District of Columbia required, and contractually guaranteed rates for all hours worked was that Defendant failed to pay Plaintiff and others all wages earned and owed.

22.    While in Defendants' employ, Plaintiffs hours worked varied from week to week.

23.    At no time while in Defendant's employ did Plaintiff perform work that meets the definition of exempt work under the FLSA, DCMWA, or MWHL.

## COLLECTIVE ACTION ALLEGATIONS

24.    Plaintiff is pursuing this action as a FLSA and DCMWA collective action on behalf of himself and all other similarly situated individuals who performed commercial painting and/or construction related work duties for Defendant who worked more than forty (40) hours per week and were not paid at the rate of one-and-one half (1½) times their regular rate of pay for overtime hours worked per week in excess of forty (40).

25.    In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

26.     Plaintiff and other similarly situated individuals were not paid overtime wages in compliance with the overtime compensation requirements of Federal and District of Columbia law.

27.     Common to Plaintiffs and all class members is that each individual received overtime compensation from Defendant at a rate less than what is required by Federal and District of Columbia Law.

28.     In the present case, the number of class members is believed to exceed thirty (30) current and former employees of Defendant.

29.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendant.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

30.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

31.     The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

32.     At all times, Plaintiff was an "employee" covered by the FLSA, and Defendant was Plaintiff's "employer" under the FLSA.

33.     Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for overtime hours worked at the overtime rate equal to  the higher of one-and-one-half (1½) times Plaintiff's regular rate of pay or one-and-one-half (1½) times Plaintiff's federally required and

contractually guaranteed rate of pay for overtime hours worked each week in excess of forty (40).

34.     Plaintiff worked overtime hours in excess of forty (40) hours per week while in Defendant's employ and Defendant had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

35.     At no time during Plaintiff's employment was Plaintiff for overtime hours worked per week in excess of forty (40) at the overtime rate required by the FLSA.

36.     Plaintiff is entitled to, and is owed, overtime pay in the amount of the difference between the amount Plaintiff was paid for overtime hours worked each week in excess of forty (40) and the higher of one-and-one half (1½) times Plaintiff's federally required and contractually promised rate or one-and-one half (1½) times Plaintiff's regular hourly rate for all hours worked each week in excess of forty (40).

37.     Defendant has failed to compensate Plaintiff (and others similarly situated) properly and as required by the FLSA for overtime hours worked.

38.     Defendant's failure to pay compensation as required by the FLSA was knowing, willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

39.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

40.     Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCMWA.

41.     Pursuant to the DCMWA, Defendant, as Plaintiff's employer, were obligated to compensate Plaintiff for overtime hours worked at the overtime rate of the higher of one-and-one-half (1½) times Plaintiff's regular rate of pay or one-and-one-half (1½) times Plaintiff's federally and District of Columbia required and contractually promised rate of pay for overtime hours worked each week in excess of forty (40).

42.     Plaintiff worked overtime hours substantially (more than 50%) in the District of Columbia in excess of forty (40) hours per week while in Defendant's employ and Defendant had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

43.     At no time during Plaintiff's employment did Defendant pay Plaintiff for overtime hours worked each week in excess of forty (40) at the rate required by the DCMWA.

44.     Plaintiff is entitled to, and is owed, overtime pay in the amount of the difference between the amount Plaintiff was paid for overtime hours worked each week in excess of forty (40) and the higher of one-and-one half (1½) times Plaintiff's federally and District of Columbia required and contractually promised rate or one-and-one half (1½) times Plaintiff's regular hourly rate for all hours worked each week in excess of forty (40).

45.     Defendant's failure and refusal to pay compensation as required by the DCMWA was knowing, willful and intentional, and not in good faith.

7

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
## Violation of D.C. Wage Payment and Wage Collection Act

46.  Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

47.  Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCWPA.

48.  Under the DCWPA, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff all wages owed for work that Plaintiff performed.

49.  "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."[2]

50.  Plaintiff worked many hours for Defendant in the District of Columbia (more than 50% of work duties) for which Defendant failed to pay Plaintiff all wages earned, contractually guaranteed, and federally required for job duties performed on time when wages were due or at or before the end of Plaintiff's employment with Defendant.

---

[2] In a further clarification by Fiscal Year 2014 Budget Support Act of 2013; Subtitle G, DCWPA Section 32-1305(b) has been clarified to explain, "[i]n enforcing the provisions of this act, the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law."

51.     Defendant owes Plaintiff back wages equal to the difference between the rate Defendant's paid Plaintiff for hours worked and the contractually guaranteed and federally and District of Columbia required rates Plaintiff's were promised, guaranteed, legally entitled to, and agreed to under the DCWPA.

52.     Defendant's failure to pay Plaintiff all wages promised, guaranteed, legally entitled to, and agreed on time or at or before the end of Plaintiff's employment with Defendant as required by the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*